IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) Criminal No.  5:25-cr-00460-GTS-1 |
| | ) |
| **v.** | ) **Indictment** |
| | ) |
| **MIGUEL MANZO,** | ) Violations:    21 U.S.C. § 841(a)(1) |
| | )                  [Distribution of a Controlled |
| **Defendant.** | )                  Substance] |
| | ) |
| | ) |
| | ) |
| | ) 1 Count and Forfeiture Allegation |
| | ) |
| | ) County of Offense:    Onondaga |

## THE GRAND JURY CHARGES:

### COUNT 1
### [Distribution of a Controlled Substance]

On or about July 3, 2024, in Onondaga County in the Northern District of New York, and elsewhere, the defendant, **MIGUEL MANZO**, knowingly and intentionally distributed a controlled substance, in violation of 21 U.S.C. § 841(a)(1).  That violation involved 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(b)(1)(A).

### FORFEITURE ALLEGATION

The allegations contained in Count 1 of this indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 21 U.S.C. § 853(a).

Upon conviction of an offense in violation of 21 U.S.C. § 841, as set forth in Count 1, the defendant, **MIGUEL MANZO**, shall forfeit to the United States, pursuant to 21 U.S.C. §§ 853(a)(1) and (2), any property constituting and derived from any proceeds obtained, directly and indirectly as a result of the offenses of conviction, and any property used, and intended to be

used, in any manner and part, to commit, and to facilitate the commission of the offenses of conviction, including, but not limited to:

(1) A money judgment in an amount to be determined.

**Substitute Assets**

If any of the property described in the Forfeiture Allegation above, as a result of any act or omission of the defendant, either: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p) and Federal Rule of Criminal Procedure 32.2(e).

Dated:   November 20, 2025

A TRUE BILL,

███████████████████████████

Grand Jury Foreperson

**Redacted name

JOHN A. SARCONE III
Acting United States Attorney

By:   _Matthew J. McCrobie_ (signature)

Matthew J. McCrobie
Assistant United States Attorney
Bar Roll No. 702739

2